## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAURA BAKER** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) **Case Number** |
| | ) |
| **SIMM ASSOCIATES, INC.** | ) |
| and | ) |
| **HSBC CARD SERVICES, INC.** | ) |
| and | ) |
| **TRANS UNION, LLC** | ) **CIVIL COMPLAINT** |
| and | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC** | ) |
| and | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendants** | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Laura Baker, by and through her undersigned counsel,

Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and

respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. This is an action for damages brought by an individual consumer against

the Defendants for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15

U.S.C. §1681 *et seq., as amended*, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692 *et seq.* and various other state laws.

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331, 1337.

3.    Venue lies proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4.    Plaintiff, Laura Baker, is an adult natural person residing at 8390 Highway 72 East, # 17, Lumberton, North Carolina 28358.

5.    Defendant, SIMM Associates, Inc. ("Defendant, SIMM"), is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Georgia with its principal place of business located at 800 Pencader Drive, Newark, Delaware 19702 and its registered office located at 2704 Commerce Drive, Harrisburg, Pennsylvania 17110.

6.    Defendant, HSBC Card Services, Inc. ("Defendant HSBC"), is and was a Delaware corporation engaged in the business of extending credit to consumers within the Commonwealth of Pennsylvania and the State of Georgia with its principal place of business located at 26525 North Riverwoods Boulevard, Mettawa, Illinois 60045 and its registered office located at 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

7.     Defendant, Equifax Information Services, LLC ("Defendant, Equifax"), is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia  30309 and a registered office located at 2704 Commerce Drive, Harrisburg, Pennsylvania 17111.    Defendant regularly conducts business in the Commonwealth of Pennsylvania.

8.     Defendant, Experian Information Solutions, Inc. ("Defendant, Experian"), at all times relevant hereto, is and was a Delaware Corporation engaged in the business of nationwide consumer reporting with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California  92626 and its registered office located at 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.    Defendant regularly conducts business in the Commonwealth of Pennsylvania.

9.     Defendant, Trans Union, LLC ("Defendant, TU"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting which has a principal office located at 1510 Chester Pike, Crum Lynne PA 19022.

10.     Defendant, SIMM Associates, Inc. is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). Defendant is also a "person" as defined by the FCRA, 15 U.S.C. §1681a(b).

11.     Defendant, HSBC Card Services, Inc. is a financial services company which provides credit to consumers.  Defendant regularly assembles, evaluates and

maintains public record and credit account information for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing or credit capacity. Defendant is a "person" and "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. §1681a(b) and (f).

12.     Defendants, Equifax, Experian and TU compile and maintain files on consumers on a nationwide basis. Defendants regularly assemble, evaluate and maintain public record and credit account information for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing or credit capacity. Defendants are "persons" and "consumer reporting agencies" as that term is defined by the FCRA, 15 U.S.C. §1681a(b) and (f).

## IV.  FACTUAL ALLEGATIONS

13.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter inaccurate information").

14.     The inaccurate information includes, but is not limited to an allegedly derogatory charged-off collection account, namely an HSBC credit card.

15.     The aforementioned account was originally owned by Defendant, HSBC, who sold said account to FFPM Carmel Holding, LLC.

16.     Defendant, SIMM was retained to collect the alleged debt in or around September 2007 and Defendant contacted Plaintiff with a collection notice at that time.

17.   On or about February 27, 2008, Plaintiff came to an agreement to settle the account with Defendant, SIMM.

18.   On or about February 28, 2008, Defendant, SIMM sent Plaintiff a letter confirming the terms of the settlement, with the final installment being due April 30, 2008. See a copy of the letter appended hereto and marked "**EXHIBIT A**"

19.   "**EXHIBIT A**" stated that Defendant, HSBC would report the account as "settled and paid **regardless** of your past credit history".

20.   "**EXHIBIT A**" was signed by Defendant, SIMM's manager, Dwan Baird.

21.   Plaintiff made the payments as stipulated by the settlement agreement and Defendant, SIMM sent her a letter of completion on or about June 20, 2008. See a copy of the letter appended hereto and marked "**EXHIBIT B**".

22.   "**EXHIBIT B**" stated that Plaintiff was now relieved of any and all legal responsibility towards the account.

23.   On or about May 5, 2008, FFPM Carmel Holding, LLC canceled the remainder of the alleged debt. Plaintiff received a 1099-C form. See a copy of the 1009-C appended hereto and marked "**EXHIBIT C**".

24.   Defendant, HSBC never updated Plaintiff's consumer credit file as was promised in "**EXHIBIT A**".

25.   Plaintiff contacted Defendant, SIMM and spoke with numerous agents, including but not limited to Dwan Baird, Ms. Sinclair, Mitchell Dickenson, Mindy and Carol concerning the inaccurate information on her consumer credit file.

26.   Plaintiff attempted to contact and speak with an agent of Defendant, HSBC only to be put on hold and transferred to numerous agents, who informed Plaintiff

they could not help her and refused to take responsibility for the statement made in "**EXHIBIT A**".

27.     Plaintiff has repeatedly disputed the inaccurate information with Defendants, Equifax, Experian and TU, including but not limited to November 2008 to the present.

28.     Defendant has continued to dispute the inaccurate information with Defendants Equifax, Experian and TU and with Defendants, SIMM and HSBC up to the present.

29.     Defendants, Equifax, Experian and TU have repeatedly responded to Plaintiff's disputes stating that the inaccurate information had been verified and would remain unchanged, thus willfully and negligently failing to properly investigate Plaintiff's dispute and make the necessary corrections.

30.     Defendants, SIMM and HSBC have continued to deny any liability or responsibility for the reporting of the inaccurate information and Defendant, HSBC has not updated or corrected the inaccurate information.

31.     Plaintiff has repeatedly disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Defendants, Equifax, Experian and TU's established procedure for disputing consumer credit information.   In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendants with extrinsic written documentation corroborating Plaintiff's disputes.

32.     Despite the foregoing, Defendants have continued to report the inaccurate information through the issuance of false and inaccurate credit information and consumer

credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

33. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiffs' credit reports and that the inaccurate information was a substantial factor for those denials.

34. Plaintiffs' credit reports and files have been obtained from Defendants, Experian, TU and Equifax and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiffs from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

35. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

36. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

37. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and

reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

38.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information.

## COUNT ONE– FDCPA
### *FAIR DEBT COLLECTION PRACTICES ACT*
**(Plaintiff v. SIMM Associates, Inc.)**

39.     The above paragraphs are hereby incorporated herein by reference.

40.     At all times relevant hereto, Defendant, SIMM was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

41.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692d, e, e(2), e(8), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, SIMM Associates, Inc., Individually for the following:

a.     Declaratory judgment that Defendant's conduct violated the FDCPA;

b.     Actual damages;

c.     Statutory damages pursuant to 15 U.S.C. § 1692k;

d.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – FCRA
### *FAIR CREDIT REPORTING ACT*
### (Plaintiff v. HSBC Card Services, Inc.)

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     At all times pertinent hereto, Defendant, HSBC was a "person" as that term is defined by 15 U.S.C. §1681a(b).

44.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined 15 U.S.C §1681a(c).

45.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C §1681a(d)

46.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant, HSBC is liable to the Plaintiffs for engaging in the following conduct:

    a.     willfully and negligently failing to conduct a proper and reasonable investigation of the inaccurate information that Plaintiff disputed;

    b.     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant, HSBC;

    c.     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d.     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies ;

        e.     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

        f.     willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant, HSBC and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

        g.     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

        h.     willfully and negligently failing to comply with the requirements imposed on the furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

47.     Defendant, HSBC's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant, HSBC is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney fees and the costs, as well as such other relief, permitted by law.

### COUNT THREE – FCRA
*FAIR CREDIT REPORTING ACT*
**(Plaintiff v. TU)**

48.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49.     At all times pertinent hereto, Defendant, TU was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

50.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined 15 U.S.C §1681a(c).

51.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C §1681a(d)

52.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant, TU is liable to the Plaintiff for engaging in the following conduct:

        a.     willfully and negligently failing to conduct a proper and reasonable investigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C §1681i(a);

        b.     willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C §1681i(a) ;

        c.     willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C §1681i(a) ;

        d.     willfully and negligently to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C §1681i(a) ;

        e.     willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C §1681i(a) ;

f.      willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

g.      willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C §1681e(b) ;

h.      willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

i.      willfully and negligently continuing to report the inaccurate information despite having knowledge of it inaccuracy and/or inability to be verified.

53.     The conduct of Defendant, TU was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant, TU is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT THREE – FCRA
### *FAIR CREDIT REPORTING ACT*
### (Plaintiff v. Equifax)

54.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55.     At all times pertinent hereto, Defendant, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

56.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined 15 U.S.C §1681a(c).

57.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C §1681a(d)

58.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant, Equifax is liable to the Plaintiff for engaging in the following conduct:

        a.     willfully and negligently failing to conduct a proper and reasonable investigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C §1681i(a);

        b.     willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C §1681i(a) ;

        c.     willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C §1681i(a) ;

        d.     willfully and negligently to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C §1681i(a) ;

        e.     willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C §1681i(a) ;

f.      willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

g.      willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C §1681e(b) ;

h.      willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

i.      willfully and negligently continuing to report the inaccurate information despite having knowledge of it inaccuracy and/or inability to be verified.

59.      The conduct of Defendant, Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT THREE – FCRA
*FAIR CREDIT REPORTING ACT*
(Plaintiff v. Experian)

60.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61.    At all times pertinent hereto, Defendant, Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

62.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined 15 U.S.C §1681a(c).

63.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C §1681a(d)

64.    Pursuant to 15 U.S.C. §1681n and §1681o, Defendant, Experian is liable to the Plaintiff for engaging in the following conduct:

    a.    willfully and negligently failing to conduct a proper and reasonable investigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C §1681i(a);

    b.    willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C §1681i(a) ;

    c.    willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C §1681i(a) ;

    d.    willfully and negligently to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C §1681i(a) ;

    e.    willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C §1681i(a) ;

f.      willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

g.      willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C §1681e(b) ;

h.      willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

i.      willfully and negligently continuing to report the inaccurate information despite having knowledge of it inaccuracy and/or inability to be verified.

65.     The conduct of Defendant, Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date:  August 7, 2009

BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff